## THE STATE, EDGAR B. WAKEMAN, PROSECUTOR, v. THE MAYOR AND ALDERMEN OF JERSEY CITY.

Under certain circumstances, especially when there has been laches on the part of the prosecutor in suing out his writ, the court may refuse to set aside the whole assessment against him, and order the amount so assessed to be reduced ; the amount of such reduction, if not agreed on, to be ascertained by a commissioner and approved and confirmed by the court.

On *certiorari.* In matter of assessment for improvement of streets.

Argued at February Term, 1872, before Justices BEDLE, DALRIMPLE, and DEPUE.

For the prosecutor, *C. H. Winfield.*

For the city, *J. Dixon, Jr.*

BEDLE, J. The assessment for this improvement was confirmed by the city of Bergen (now a part of Jersey City,) January 28th, 1867, and a sale made of the prosecutor's lot to pay his assessment ($316.59), on May 24th, 1867. The lot was bid in by the city treasurer for the city, for a term of years.

This *certiorari* brings up the proceedings, including the sale.

Several objections are urged against their validity, some of which, on the face of the return, appear to be good, and some of which the prosecutor intends to set up in defence in an action of ejectment, if any brought, had it not been for the act of April 2d, 1869, (*Laws of 1869, p.* 1238,) preventing the questioning collaterally of proceedings upon which declarations of sale were founded. (See case of *State, Evans, pros.,* v. *Jersey City,* decided at the last term.*) That act is, no

* See *ante p.* 381.

State, Wakeman, pros., v. Mayor and Aldermen of Jersey City.

doubt, the occasion of this *certiorari*, and the delay of the prosecutor up to that time in obtaining his writ, may, to some extent, be accounted for by his purpose to defend in an ejectment suit. But he has, nevertheless, been greatly in laches in allowing the improvement to be fully completed before obtaining this writ, he having petitioned for a part of the improvement. The petition was to bring to the established grade a certain part of a street, with the intersections; also, to curb when required, and also to gutter and lay cross-walks; also, to re-set the curb and re-lay flagging when necessary, and to lay new flag-walks where not laid. The ordinance exceeded the petition by including the paving of the street. Such action was unwarranted by the charter. But from the fact that the prosecutor was one of the petitioners, and besides, by reason of the laches aforesaid, the court have concluded not to disturb the whole assessment against the prosecutor, but to set aside the proceedings, so far as they affect him subsequent to the assessment (including the sale,) and to reduce the assessment by so much as will equal the increase for the paving—such an amount, if not adjusted by the attorneys, to be determined by a commissioner to be appointed by the court. This course is in accordance with section two of the act of April 6th, 1871. (*Laws of* 1871, *p.* 124.) The assessment so reduced to be approved, and the subsequent proceedings set aside as aforesaid.

Section three of the supplement to city charter (*Laws of* 1869, *p.* 1232,) limiting the allowance of a writ of *certiorari* to three months from the confirmation thereof, does not affect this writ, as over two years had elapsed from the confirmation when that supplement was passed.

Set aside in part.

Justices DALRIMPLE and DEPUE concurred.